**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **MATT AND ANN MALONEY, as the Surviving Parents of DIANA MALONEY, deceased,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**SOUTHERN HEALTH PARTNERS, INC., BETTY EVANS, LPN, and JAMES GRAHAM, M.D.,**<br><br>**Defendants.** | **CIVIL ACTION<br>FILE NO.: 5:25-cv-00430-CAR** |

## <u>CONSENT CONFIDENTIALITY ORDER</u>

**THE COURT ALERTS THE PARTIES THAT IT HAS REVISED PARAGRAPH SEVEN, DELETED PARAGRAPH EIGHT, AND ADDED A FINAL PARAGRAPH TO THIS CONFIDENTIALITY ORDER THAT WAS NOT INCLUDED IN THE CONSENT ORDER SUBMITTED TO THE COURT.**

The Court **GRANTS** the Parties' Consent Motion for Entry of Confidentiality Order [Doc. 13].

WHEREAS, the Parties are conducting discovery in connection with the above-captioned case.

WHEREAS, the Parties agree that during the course of this litigation, it may be necessary to disclose certain confidential information

WHEREAS, the Parties agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of investigation, prosecuting, or defending this potential action and any appeals.

1

WHEREAS, Plaintiffs and Defendants respectfully request that this material be subject to the limitations set forth in this Confidentiality Order.

The Court **HEREBY ORDERS** that a Confidentiality Order be entered pursuant to Federal Rule of Civil Procedure Rule 26(c) as follows:

The Parties jointly agree to limit the public disclosure, dissemination, and use of "Confidential Information" as follows:

1. "Confidential Information" includes (1) medical records and other Protected Health Information ("PHI") as defined by HIPAA, (2) personal identifying information listed in O.C.G.A. § 9-11-7.1 (social security numbers, taxpayer identification numbers, financial account numbers, birth dates), (3) "trade secrets" as defined by O.C.G.A. § 10-1-761(4) and (4) confidential commercial information.

2. Medical records and protected health information, and personal identifying information for individuals, shall be treated as "Confidential Information." These categories of information shall not require any confidential designation.

3. "Trade secrets" and "confidential commercial information" will be designated as confidential by the producing party by marking the documents, information, data or other tangible items as "Confidential," "Confidential – Subject to Confidentiality Order," or with a similar designation indicating their confidential status. Any "trade secrets" and "confidential commercial information" that are not marked as confidential will not be subject to the terms of this Order and will not be deemed to constitute "Confidential Information."

4. By marking and producing any documents as confidential, the producing party thereby stipulates to the authenticity of any such documents.

5.    "Confidential Information" shall only be revealed to parties, their attorneys, employees of any attorneys (including paralegals, secretaries, and other employees in the attorneys' firms), expert witnesses retained by the attorneys to provide expert opinions as either a consulting or testifying expert, individuals present in depositions such as court reporters and videographers, jury consultants, jury focus group consultants, the judge and court personnel, and any jury that will hear and decide this case at any trial.

6.    Before disclosing "Confidential Information" to expert witnesses, jury consultants, and/or jury focus group consultants, they should be made aware of the terms of this Order and agree to be bound by it by signing a statement in the same or substantially similar format as follows:

I hereby acknowledge that I have read the Confidentiality Agreement and Protective Order entered by the Court in the above-captioned action and understand the terms thereof and agree to be bound thereby.

DATED: _____          _____

                                                            Name (typed or printed)


                                                            _____ Signature


7.    **REVISED BY THE COURT:** In the event that a party receiving material designated as Confidential disagrees with such designation, the Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Confidentiality Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by

conferring within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. If the Parties cannot resolve a challenge without Court intervention, the Challenging Party must contact Beverly Lillie, Courtroom Deputy (478-752-3445) to request a telephone conference with the Court **BEFORE** filing a motion challenging a confidentiality designation. Each such motion must be accompanied by a certification affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the Disclosure or Discovery Material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8.    **DELETED BY THE COURT**

9.    After the conclusion of this case, any party that has received "Confidential Information" shall continue to maintain the confidentiality of such information and comply with the terms of this Order.

10.    Counsel for the parties are not required to destroy any "Confidential Information" at the conclusion of the case and they may keep any "Confidential Information" in accordance with their document retention procedures and ethical file retention obligations. During the retention period, they shall maintain the confidentiality of the information.

11.    Neither this Confidentiality Agreement, nor the production of any information under its terms, shall be deemed to have the effect of any admissions or waiver by any party of any protection or privilege available as to that information.  All objections with respect to admissibility, relevance, materiality of any information are specifically reserved.

12.    **ADDED BY THE COURT:** The Court finds that good cause exists for the entry of this order with the following conditions. Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial.  If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record.  Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this discovery protective order.

Any information designated "CONFIDENTIAL" that is filed with the Court shall be filed pursuant to the Middle District of Georgia's CM/ECF Administrative Procedures guidelines. Protected material may be filed with restricted access by the attorneys pursuant to this Protective Order via CM/ECF. But, if the parties wish to file protected material under seal, a Motion to Seal must be filed and a PDF copy of the document(s) to be filed under seal must be e-mailed to the Macon Clerk's Office at macon.ecf@gamd.uscourts.gov.

**SO ORDERED** this 27th day of April, 2026.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

6